OPINION
On March 4, 1999, William R. Cox and three passengers drove to Maggiore's Drive Thru on East Tuscarawas Street in Canton, Ohio. Mr. Cox, a nineteen year old, purchased beer. Thereafter, police officers stopped Mr. Cox. Mr. Cox informed the officers that an employee at Maggiore's Drive Thru, appellant, Vincent Hill, had sold him the beer. Appellant was charged with the sale of beer or intoxicating liquor to an underage person in violation of R.C.4301.69. A jury trial commenced on May 10, 1999. The jury found appellant guilty as charged. By judgment entry filed May 11, 1999, the trial court sentenced appellant to one hundred eighty days in jail. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE PROSECUTOR'S DUTY TO DISCLOSE MATERIAL EVIDENCE FAVORABLE TO THE ACCUSED EXTENDS TO THE IDENTITY OF EYEWITNESSES TO THE ALLEGED CRIME KNOWN TO THE POLICE INVESTIGATORS AND FAILURE TO PROVIDE THIS INFORMATION TO THE ACCUSED (SIC) PRIOR TO THE TRIAL IS PREJUDICIAL ERROR IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10
OF THE OHIO CONSTITUTION.
 II. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S NONFLAGRANT IMPROPER REMARKS DURING CLOSING ARGUMENTS, IN WHICH THE PROSECUTOR VOUCHED FOR THE CREDIBILITY OF THE STATE'S WITNESSES AND APPEALED TO THE EMOTIONS, PASSIONS AND PREJUDICES OF THE JURORS WHERE ONLY EVIDENCE AGAINST DEFENDANT-APPELLANT WAS WITNESSES' TESTIMONY; DEFENDANT-APPELLANT DID OBJECT AND TRIAL COURT FAILED TO GIVE PROMPT AND ADEQUATE CURATIVE INSTRUCTION TO THE JURY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in not ordering the state to produce the names and addresses of witnesses as requested in a motion filed May 5, 1999. Specifically, appellant claims a violation of Crim.R. 16(B)(1)(f). We agree. Crim.R. 16 governs discovery. Subsection (B)(1)(f) states as follows:
(1) Information subject to disclosure.
 (f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.
On March 25, 1999, appellant made a timely request for Crim.R. 16(B)(1)(f) evidence. In response, the state filed an answer on April 26, 1999 claiming there was "[n]one." On May 5, 1999, appellant filed a motion for specific discovery, seeking the names and addresses of all witnesses "that accompanied William Cox to Maggiore's Drive Thru * * * and * * * that were with William Cox when he was pulled over." Appellant claimed this information was known and available to the state via the arresting officers. By judgment entry filed May 7, 1999, the trial court ordered the prosecutor to verbally inform defense counsel of any names and addresses of witnesses accompanying Mr. Cox to Maggiore's Drive Thru "that is within his knowledge." The prosecutor gave defense counsel the names and addresses of "[e]verybody that I knew that was going to be testifying today." T. at 51. That list did not include the names and addresses of the other individuals in the vehicle. We note appellant's motion for specific discovery was filed on May 5, 1999 and the trial was set for May 10, 1999. Pursuant to Crim.R. 12(C), pretrial motions "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." Appellant's motion was filed five days before trial and fifty-five days from the date of arraignment. Therefore, pursuant to Crim.R. 12(C), appellant's motion was not timely filed. At trial, defense counsel argued the motion was not made in the last hours before trial, but that the trial court had ordered the information be disclosed the day of trial. T. at 50. In response, the state claimed it was unaware of any other names and addresses, and had told defense counsel the arresting officers did not "know any names of any individuals." T. at 52. There is no other credible evidence in the record to support appellant's position the state specifically withheld the requested names and addresses. However, immediately following this discussion in the record, the state called Mr. Cox and specifically elicited from him the names of the other individuals in the vehicle. T. at 57-58. Mr. Cox was noted as a state's witness in the initial discovery response filed April 26, 1999. We can only conclude the state's own witness could have provided the state with, at the very least, the names of the individuals in the vehicle. It appears Mr. Cox was available during the initial discussion with the trial court and testified immediately after the state's affirmation it did not know the names of the other individuals. If the trial court had not by judgment entry ordered the state to produce the information requested by the out of rule motion, the motion could have been denied. However, we find there is evidence in the record that the state's very next witness could have provided the answers. Based upon this finding, the trial court should have provided for sanctions pursuant to Crim.R. 16(E)(3) which states as follows: (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
Assignment of Error I is granted.
 II
Appellant claims he was denied the right to a fair trial because of statements made by the prosecutor. We agree. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. In closing argument, the prosecutor stated the following:
 BY MR. O'BYRNE: Your Honor, ladies and gentlemen, I won't take much of your time, because the facts are clear and there's nothing to dispute about, there's nothing they can do — they're going to come in here and talk and Defense Counsel will say motives, and all this stuff, I don't know what they are yet, but I'm sure they're not relevant to the facts of this case. If anybody has any motives, it's probably the Maggiore's Drive-Thru or the Defendant the employee, because if they get another liquor violation, you know what, they lose their liquor license. That's why we're here today. That is why.* * *
T. at 42.
In rebuttal, the prosecutor stated the following:
 BY MR. O'BYRNE: Thank you, Your Honor. Ladies and gentlemen, what you have just heard has nothing to do with this case. Nothing. She didn't say one thing that's relevant to this case at all. She talked for ten minutes and didn't say one thing you should listen to. You know why? Because it doesn't matter.
* * *
 BY MR. O'BYRNE: * * * [Mr. Cox] Came in here today `cause he's supposed to because the attorney brought him in here today, she's sitting back there, she brought him in here today and told him he had to testify to the truth, so he came in, told the truth, they said, are you positive that's the guy who sold you the beer, yeah, absolutely positive he said, that's the guy that sold me the beer.
T. at 145 and 147-148, respectively.
Although a prosecutor is granted leeway to argue a case, we find to bolster the credibility of a witness by providing facts not in the record i.e., attorney for Mr. Cox told him to tell the truth, to be beyond the pal. Upon review, we find the prosecutor's comments were improper and prejudiced appellant. In addition, we find evidence of an Evid.R. 404(B) violation. Pursuant to said rule, evidence of other crimes, wrongs or acts are generally not admissible: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The evidence presented on appellant's past record was as follows:
Q. Who does your background checks?
A. Gerald Zacharias, the Canton police officer.
 Q. Okay, what did you learn from Gerald Zacharias when he did a background check, what did you learn about Mr. Hill?
 A. Well, he didn't tell me everything, he just told me that there was something in Vinny's record that —
BY MS. COMANOR: Objection.
 BY THE COURT: Again, I'll overrule if because I don't know what he's gong (sic) to say.
BY MS. COMANOR: He's talking about his record.
BY THE COURT: Miss Comanor, I don't know.
Q. Go ahead, what did he tell you?
 A. He told me there was some things in the record that probably wasn't good but he didn't feel that it would hurt my business, but he says, I want — he said, any little thing that comes up with Vinny, or whatever, he said, I want to know about it right away.
T. at 82-83.
Although the trial court cut off the dialogue, the trial court did not instruct the jury on Evid.R. 404(B). This testimony was elicited despite the fact appellant never testified or put his character into evidence. See, Evid.R. 609(A). Upon review, we find a violation of Evid.R. 404(B). Assignment of Error II is granted.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby reversed and remanded.
By FARMER, P.J. WISE, J. and READER, V.J. concur.